UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ST. LOUIS-KANSAS CITY CARPENTERS REGIONAL COUNCIL, *et al.*, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 4:21-cv-1208-MTS |
| MILLENNIUM INSTALLATION GROUP, LLC, | ) ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Default Judgment, Doc. [15]. Plaintiffs filed this action against Defendant Millennium Installation Group, LLC to recover delinquent contributions (plus interest), attorneys' fees, and costs owed pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(g)(2), and the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.[1] Doc. [1]. The Clerk of Court previously entered default against Defendant, consistent with Fed. R. Civ. P. 55(a). Doc. [8]. Plaintiffs subsequently moved for a default order of accounting seeking to compel Defendant to submit to an audit so that Plaintiffs could determine the contributions and other damages owed. Doc. [9]. The Court granted Plaintiffs' Motion, Doc. [11], and Defendant submitted the required records for audit, Docs. [13-14]. Plaintiffs now seek a default judgment based on the audit results. Doc. [15]. Defendant has not responded to either the entry of default or Plaintiffs' Motion.

Once default has been entered against a defendant, "the allegations of the complaint, except

---

[1] Plaintiffs filed the case on October 11, 2021, Doc. [1], and Defendant was served with the Summons and Complaint on October 16, 2021. Doc. [5]. Defendant has not filed an answer or otherwise entered an appearance.

as to the amount of damages[,] are taken as true." *Greater St. Louis Constr. Laborers Welfare Fund v. Gateway Constr. Servs.*, 4:20-cv-808-SEP, 2020 WL 6483944, at *1 (E.D. Mo. Nov. 4, 2020) (quoting *Greater St. Louis Constr. Laborers Welfare Fund v. AbatePro, Inc.*, 4:17-cv-2812-AGF, 2018 WL 5849980, at *1 (E.D. Mo. Sept. 6, 2018)).  "With respect to damages in an action for delinquent fringe benefits, pursuant to 29 U.S.C. § 1132(g)(2), a plaintiff is entitled to recover all of the principal contributions owed, plus interest, liquidated damages . . ., attorneys' fees, and costs."[2]  *Id.* at *2.

The Court previously found that Plaintiffs had established that Defendant was a party to a collective bargaining agreement ("CBA") with the St. Louis-Kansas City Carpenters Regional Council and that the CBA required Defendant to submit contributions to the Carpenters employee benefit funds.  Doc. [11].  Defendant breached its duties by failing to make the contributions as required by the CBA.  Doc. [10-2].  An audit of Defendant's records for the period of May 2020 through April 2022 shows Defendant owes $22,505.87 in contributions for this period and $749.56 in interest, for a total of $23,255.43.  Docs. [16-3]; [16-2]; [16-5].  In their Motion, Plaintiffs seek judgment against Defendant in the amount of $22,505.87 in delinquent principal contributions, $749.56 in interest, $1,262.50 in attorneys' fees, and $558.16 in costs, totaling $25,076.09.  Docs. [16]; [16-1–16-5].  On review of the evidence and affidavits submitted with Plaintiffs' Motion, the Court finds that Plaintiffs have provided sufficient evidence supporting those amounts and are entitled under the CBA and applicable law to recover all the principal contributions owed as determined by Plaintiffs' audit, interest, attorneys' fees, and costs.  Defendant thus owes Plaintiffs a total of $25,076.09.

---

[2] The collective bargaining agreement ("CBA") also requires payment of these amounts. *See* Doc. [10-2].

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Judgment, Doc. [15], is **GRANTED**.

A separate Judgment shall accompany this Memorandum and Order.

Dated this 29th day of August, 2022

                                              MATTHEW T. SCHELP
                                              UNITED STATES DISTRICT JUDGE